IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

TODD (HYUNG -RAE) TARSELLI, :
:
    Petitioner :
:
v. : CIVIL NO. 4:CV-13-939
:
LOUIS FOLINO, : (Judge Brann)
:
    Respondent :

**MEMORANDUM**

May 20, 2013

**Background**

    Todd (Hyung-Rae) Tarselli, an inmate presently confined at the Greene State Correctional Institution, Waynesburg, Pennsylvania (SCI-Greene), filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254. Named as Respondent is SCI-Greene Warden Louis Folino. The required filing fee has been paid. Accompanying the Petition is Tarselli's "motion to hold habeas corpus petition in abeyance until state PCRA procedures may be exhausted." Doc. 2, p. 1. Service of the Petition has not yet been ordered.

    According to the Petition, on November 5, 1992, Tarselli plead guilty to first degree murder and related offenses in the Court of Common Pleas of Luzerne

1

County, Pennsylvania. He was sentenced that same day to a term of life imprisonment without parole on the murder charge and an additional aggregate 12 ½ to 25 years on the remaining charges.

Petitioner asserts that he filed a direct appeal to the Pennsylvania Superior Court regarding the alleged imposition of "excessive fines." See Doc. 1, ¶ 8. According to the Petition, the Superior Court ordered that Tarselli be resentenced without fines.[1] It also appears that following resentencing, Petitioner filed an unsuccessful direct appeal. See Commonwealth v. Tarselli, 652 A.2d 411 (Pa. Super. Sept. 19, 1994)(Table); Commonwealth v. Tarselli, 658 A.2d 794 (Pa. April 24, 1995)(Table).

Petitioner states that more recently he sought collateral relief via a petition pursuant to Pennsylvania's Post Conviction Relief Act (PCRA).[2] His counseled PCRA petition which alleges that the imposition of a life sentence was unconstitutional since Tarselli's status as a juvenile was not taken into

---

[1] It appears that Petitioner is referencing Commonwealth v. Tarselli, 635 A.2d 208 (Pa. Super. Aug. 20, 1993)(Table)

[2] See 42 Pa. Cons. Stat. Ann. § 9541 et seq. One of the avenues for relief in the Pennsylvania legal system is collateral relief under the PCRA, "which permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).

consideration was filed with the Court of Common Pleas on July 30, 2012. Petitioner indicates that his PCRA action is still pending before the Court of Common Pleas. See Doc. 1, ¶ 11.

Ground One of the Petitioner's pending action, relying on the United States Supreme Court's June 25, 2012 decision in Miller v. Alabama, ___ U.S. ____, 132 S.Ct. 2455 (2012), asserts that he is entitled to federal habeas corpus relief on the basis that the imposition of a mandatory life sentence for a juvenile is unconstitutional.[3] Tarselli notes that this same claim is included in his aforementioned pending PCRA action.

Ground Two of the pending Petition, also relying on Miller, seeks relief on the grounds that his status as a juvenile was not taken into consideration at all stages of his criminal proceedings. It is also asserted that this claim was raised in Petitioner's pending PCRA action. No other arguments are set forth in Tarselli's present federal habeas petition. Tarselli further notes that his pending action is timely filed in that it is based upon the June 25, 2012 Miller decision and newly discovered evidence which was obtained in November 2012.[4] See Doc. 1, ¶ 18.[5]

---

[3] In Miller, the Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" Id. at 2460.

[4] Tarselli explains that he was adopted from Korea at a young age and that
(continued...)

## Discussion

As previously noted, Petitioner has filed a motion for stay and abeyance of proceedings. His motion reasserts that he has filed a timely § 2254 petition seeking relief under Miller and those same claims have been raised in a July 30, 2012 PCRA action which is presently pending in Pennsylvania state court. Tarselli's motion requests that this matter be stayed until such time as he has exhausted his available state court remedies with respect to his pending claims. See Doc. 2, p. 4. Petitioner voices a concern that no state court ruling will be made prior to the expiration of the applicable 1 year statute of limitations.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), amended the federal habeas statute by imposing a statute of limitations on prisoners requesting habeas corpus relief pursuant to 28 U.S.C. § 2254. Specifically, Section 2244(d) of Title 28 of the United States Code provides in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The

---

[4](...continued)
newly discovered evidence which he obtained shows that he was actually a juvenile at the time the underlying criminal conduct was committed.

[5] Petitioner's PCRA action was filed on July 30, 2012 well before the alleged discovery of new evidence in November, 2012.

4

> limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> . . .
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discvoered through the use of due diligence.
> (2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

See generally, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999).

In addition to the timeliness requirement, Title 28 United States Code Section 2254(b)(1) provides that an application for a writ of habeas corpus filed on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available state corrective process; or there are existing circumstances which render the state process ineffective. The exhaustion requirement is not a mere formality. It serves the interests of comity between the federal and state systems, by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights.

5

The United States Supreme Court, noting that a total exhaustion rule "does not unreasonably impair the prisoner's right to relief," has recognized that if a habeas corpus petition containing both exhausted and unexhausted claims is presented, then the entire petition must be dismissed. Rose v. Lundy, 455 U.S. 509, 522 (1982). As discussed above, federal habeas corpus relief may not be granted on a mixed petition. However, in both Rhines v. Weber, 544 U.S. 269 (2005) and Crews v. Horn, 360 F. 3d 146 (3d Cir. 2004), a § 2254 petitioner filed a timely but mixed (one containing both exhausted and unexhausted claims) federal habeas corpus petition. Both Rhines and Crews addressed arguments that federal habeas petitions should be held in abeyance while unexhausted claims were exhausted in state court because those claims might be time barred upon returning to federal court due to the time limitations imposed by 28 U.S.C. § 2254(b)(1).

The United States Supreme Court in Rhines, recognized that under such "limited circumstances" district courts have discretion to stay a mixed § 2254 federal habeas corpus petition so that the petitioner can pursue review of his unexhausted claims in state court. Rhines, 544 U.S. at 277. The Court of Appeals for the Third Circuit in Crews similarly recognized that in order to avoid an unfair result, "when an outright dismissal could jeopardize the timeliness of a collateral

attack, a stay is the only appropriate course of action." Crews, 360 F.3d at p. 154 (internal citations omitted).

Rhines and Crews both contemplate that the initial federal petition must be timely filed and a mixed petition. In light of Petitioner's reliance on Miller and his assertion of newly disovered evidence, there is no clear indication in the record that Tarselli's pending federal petition is untimely under the time frame established by the AEDPA. However, unlike Crews and Rhines, the matter before this Court is not a mixed petition. On the contrary, Petitioner asserts that both of his pending federal claims are unexhausted. It is also noted that the running of the limitations period is suspended for the period when properly-filed state post-conviction proceedings, i.e. a PCRA petition, are pending in any state court.

As in Crews, Tarselli should not face the prospect of forfeiting federal court review of issues. In this regard, there is no indication that Petitioner is seeking to defer adjudication of his claims or to defeat the interests of finality of state court judgments. Since Miller was handed down on June 25, 2012 and Tarselli's PCRA was filed on July 30, 2012 it would appear that the timeliness concerns expressed in Crews and Rhines do not exist in this matter unless the Pennsylvania state courts were to determine that Petitioner's PCRA action was not properly filed. In that event, there is clearly a potential that if Tarselli waited until final state court

disposition of his <u>Miller</u> claims before seeking federal habeas relief he would face possible dismissal of such a petition as being untimely filed.

Given that potential, Petitioner's <u>pro</u> <u>se</u> status, and out of an abundance of caution, <u>Crews</u> counsels in favor of a stay of litigation in this case while Tarselli exhausts the state review process on his pending federal claims. Accordingly, Petitioner's motion requesting a stay will be granted.

However, in order to keep this matter moving forward, within thirty (30) days of the termination of Petitioner's state court PCRA proceedings regarding his pending federal claims, he will be required to file a written status report with the Court detailing the conclusion of his state court exhaustion efforts and including a copy of the relevant Superior and/or Supreme Court's dispositions. Failure to timely file the required written status report may be deemed a failure to prosecute.

Upon demonstration by Petitioner that his state court proceedings have concluded, the stay issued in this matter will be lifted, until such time this matter will be marked closed for administrative purposes. An appropriate Order will enter.

           s/Matthw W. Brann    
           Matthew W. Brann
           United States District Judge