# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TODD HYUNG-RAE TARSELLI, | No. 4:13-CV-00939 |
| Petitioner, | (Chief Judge Brann) |
| v. | (Magistrate Judge Carlson) |
| LOUIS FOLINO, *et al.*, | |
| Respondents. | |

# ORDER

### APRIL 8, 2025

Todd Hyung-Rae Tarselli, a Pennsylvania state prisoner, filed this 28 U.S.C. § 2254 petition seeking to vacate his convictions and sentences based upon, as relevant here, assertions that (1) he was improperly denied the right to have an adult present during his custodial interrogation in his underlying criminal case, and (2) his guilty plea was involuntary, as it was premised in part on the erroneous belief that he was an adult who faced a potential death sentence had he proceeded to trial.[1]

This matter was stayed for some time until, in January 2025, Magistrate Judge Martin C. Carlson issued a Report and Recommendation recommending that this Court deny the petition as procedurally defaulted.[2] Magistrate Judge Carlson noted that Tarselli appeared to have notice as early as 1998 that his age may have been

---

[1] Doc. 1.
[2] Doc. 55.

incorrect and, therefore, the state court's determination that he had failed to exercise due diligence was not clearly erroneous.[3] Tarselli filed timely objections to this Report and Recommendation.[4]

"If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'"[5] Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations.[6]

Tarselli objects that his claims are not procedurally defaulted, as he exercised due diligence in discovering the basis of his claims—that he was not eighteen years of age at the time he committed the underlying crimes.[7] Specifically, Tarselli contends that simply because he received notice in 1998 that, in Korean culture, individuals are often considered one to two years older than they are in the United States, does not mean that he had any sort of notice that the birth date listed on his birth certificate was inaccurate.[8]

---

[3] *Id.* at 22-25.
[4] Docs. 56, 57.
[5] *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)).
[6] 28 U.S.C. § 636(b)(1); Local Rule 72.31.
[7] Doc. 57 at 13-16.
[8] *Id.*

To be sure, Tarselli testified along those lines in state court: he understood that Koreans may have counted him as being one or more years older than may Americans, but he had no "reason to question why or if my birth certificate was wrong" as the method of counting age "doesn't change the actual birth certificate."[9] That point is well taken, and the argument bears some logical force. But it does not change two fundamental facts.

First, Tarselli knew of a potential issue with his date of birth much earlier than 2012, as he testified that "[e]ven as a kid my parents always believed maybe my age was wrong."[10] This is notable because, as the Superior Court of Pennsylvania pointed out, Tarselli was aware that "he was, even by his recorded date of birth, less than three months into his legal adulthood when the crime occurred,"[11] which should have alerted him to the potential significance with any discrepancy in his age.

Second, Tarselli provides no explanation as to why in 2008 or 2009—approximately ten years after he received notice of differences in age calculations between Korea and the United States—he suddenly sought out Jane Trenka to investigate the circumstances surrounding his birth.[12] It does not appear that there was any intervening knowledge learned after 1998 that would have spurred such a

---

[9] Doc. 48-1 at 16.
[10] *Id.* at 18.
[11] *Commonwealth v. Tarselli*, 260 A.3d 111 (Pa. Super. Ct. 2021).
[12] Doc. 48-1 at 18.

3

search. And there is no explanation for why he did not seek to discover such information at an earlier date, or why his prior efforts could be considered diligent.

A court could perhaps reasonably have reached a different conclusion—that Tarselli did exercise reasonable diligence in discovering the basis of his claim. But as Magistrate Judge Carlson correctly points out, factual determinations by state courts are owed deference,[13] and the "ultimate question whether a petitioner exercised due diligence is one of fact which [courts] will set aside only if it is clearly erroneous."[14] The Court finds no clear error in the state court's determination that Tarselli failed to demonstrate that he had exercised due diligence, and his claims are therefore procedurally defaulted. Accordingly, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Martin C. Carlson's Report and Recommendation (Doc. 55) is **ADOPTED**;

2. Tarselli's 28 U.S.C. § 2254 petition (Doc. 1) is **DENIED**;

3. The Court declines to issue certificate of appealability;[15] and

4. The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[13] Doc. 55 at 23.
[14] *Wilson v. Beard*, 426 F.3d 653, 660 (3d Cir. 2005).
[15] *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (setting forth legal standard).